IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

UNITED STATES OF AMERICA     PLAINTIFF

v.     NO. 4:91CR00034-03-JLH

DEREK ISAAC ALLMON     DEFENDANT

### ORDER

Derek Allmon has filed a motion to vacate his conviction, which he alleges is unlawful because the Assistant United States Attorney who prosecuted him, Lesa Bridges Jackson, "did not have a valid law license." Document #1 at 2.

Rule 4(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides that the Clerk must promptly forward a motion under 28 U.S.C. § 2255 to the judge who conducted the trial and imposed sentence, or if the appropriate judge is not available the Clerk must forward the motion to a judge under the court's assignment procedure. The Honorable Stephen Reasoner, who presided over Allmon's trial and sentenced him, is deceased, so the Clerk forwarded Allmon's motion to the undersigned. Rule 4(b) provides that the judge who receives the motion must promptly examine it and, if it plainly appears from the motion and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the Clerk to notify the moving party. For reasons that will be explained, it plainly appears that Allmon is not entitled to relief. The Court therefore will dismiss the motion and hereby directs the Clerk to notify Allmon.

Allmon was convicted in 1991 of conspiracy to distribute cocaine and was sentenced to 100 months imprisonment to be followed by three years of supervised release. The Eighth Circuit affirmed on direct appeal, and the mandate was issued on September 4, 1992. Between

September 15, 1994, and December 27, 1994, Allmon filed more than 20 pro se motions seeking to challenge his conviction. All of the motions were denied by Order entered on October 8, 1996. The docket indicates that Allmon's supervised release began no later than 1998 when the conditions of release were modified and jurisdiction was transferred to the Northern District of Texas. In 1999, Allmon requested permission to return to Little Rock to attend his mother's funeral, and that request was granted. Nothing has happened in this case since August 30, 1999.[1]

A prisoner who is in custody after having been convicted of a federal offense may move to vacate, set aside, or correct the sentence. Such motions are governed by 28 U.S.C. § 2255, which provides that a one-year period of limitation applies to a motion under this section. The limitation period runs from the latest of the date on which the judgment of conviction becomes final; the date on which an impediment to making such a motion is removed; the date on which the right asserted was initially recognized by the Supreme Court if that right has been made retroactively applicable to cases on collateral review; or the date on which the facts supporting the claim or claims presented could have been discoverable through the exercise of due diligence. 28 U.S.C. § 2255(f). As shown by the attached docket sheet, Allmon's conviction became final more than 20 years before he filed the present motion. He does not allege any facts that would justify permitting the one-year period of limitation to run at a later date, nor does he allege any facts that would permit equitable tolling. Consequently, Allmon's motion is barred by the period of limitations.

---

[1] Because this case is so old, the file is not available electronically. The Court has retrieved the docket sheet and is attaching a copy of the docket sheet to this Order as Exhibit A. Allmon is currently serving a term of life imprisonment for drug trafficking and attempting to kill a witness. *See United States v. Allmon*, 500 F.3d 800 (8th Cir. 2007); *United States v. Derek Isaac Allmon, Sr.*, E.D. Ark. No. 4:04CR00169-BRW-1.

Finally, Allmon has completed the term of incarceration and the period of supervised release imposed in this case, so he no longer meets the "in custody" requirement of section 2255. *See Spencer v. Kemna*, 523 U.S. 1, 7, 118 S. Ct. 978, 983, 140 L. Ed. 2d 43 (1998). He does not allege any ongoing collateral consequences of the conviction. *Id.* at 7-14, 118 S. Ct. at 983-86. Consequently, his motion is moot.

The motion is DENIED. Document #1. No certificate of appealability will be issued.

IT IS SO ORDERED this 8th day of October, 2015.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE

AO 256
(Rev. 2/86)

| CRIMINAL DOCKET - U.S. District Court | | U.S. | (LAST, FIRST, MIDDLE) | Case Filed Mo. Day Yr. | Docket No. | Def. |
|---|---|---|---|---|---|---|
| PO ☐ 0860 4 6013 Assigned Disp./Sentence | ☐ WRIT ☐ JUVENILE ☐ ALIAS | VS. ▷ • | ALLMON, DEREK ISAAC | 02 20 91 | 00034 | 1 |
| Misd. ☐ | | | | No. of Def's 3 | U.S. MAG. CASE NO. ▶ | |
| Felony ☒ District Off Judge/Magistr. | OFFENSE ON INDEX CARD ▶ | | | | | |

**I. CHARGES**

| U.S. TITLE/SECTION | OFFENSES CHARGED | ORIGINAL COUNTS | DISM. |
|---|---|---|---|
| 21:846 | Consp. to dist. cocaine | I | |
| 21:841(a) | Dist. of cocaine | II | |
| 18:922 | Felon in poss. of firearm | III | |
| | | IV | X |
| | SUPERSEDING INDICTMENT 7/16/91 | | |
| 21:846 | Consp. to dist. cocaine | I | |
| 21:841(a) | Dist. of cocaine | II | X |
| 21:853 | Asset Forfeiture | III | X |

SUPERSEDING COUNTS

**II. KEY DATE**

INTERVAL ONE — KEY DATE EARLIEST OF: ☐ arrest ☐ sum'ns ☐ custody ☐ appears—on complaint

END ONE AND/OR BEGIN TWO (OR RESTART PERIOD TO TRIAL)
KEY DATE: 2/20/91 APPLICABLE
☒ Indictment filed/unsealed ☐ consent to Magr. trial on complaint ☐ Information ☐ Felony-W/waiver

KEY DATE: 3-12-91 / 7/16/91
a)☒ 1st appears on pending charge /R40
b)☐ Receive file R20/21
c)☒ Supsdg.☒ 1Ind☐ 1Inf
d)☐ Order New trial
e)☐ Remand f)☐ G/P Withdrawn

END INTERVAL TWO
KEY DATE: 6-4-91 APPLICABLE
☐ Dismissal Pled ☐ guilty After N.G. ☐ Nolo After nolo ☐ Trial (voir dire) began ☐ Jury ☐ N.J.

| 1st appears with or waives counsel | ARRAIGNMENT | 1st Trial Ended | RE-TRIAL | 2nd Trial Began | DISPOSITION DATE 6-4-91 | SENTENCE DATE 11-14-91 | PTO Nolle Pros. | FINAL CHARGES DISMISSED ☐ on S.T. grounds ☐ W.P. ☐ WOP | on def motion on gov't motion |

**III. MAGISTRATE**

| | | DATE | INITIAL/NO. | INITIAL APPEARANCE DATE ▶ | | INITIAL/NO. | OUTCOME: |
|---|---|---|---|---|---|---|---|
| Search Warrant | Issued Return | | | PRELIMINARY EXAMINATION OR REMOVAL HEARING | Date Scheduled ▶ Date Held ▶ | | ☐ DISMISSED HELD FOR GJ OR OTHER PROCEEDING IN THIS DISTRICT |
| Summons | Issued Served | | | | | | HELD FOR GJ OR OTHER PROCEEDING IN DISTRICT BELOW |
| Arrest Warrant Issued | | | | ☐ WAIVED ☐ NOT WAIVED ☐ INTERVENING INDICTMENT | Tape Number | | |
| COMPLAINT ▶ | | | | | | | |
| Date of Arrest | | OFFENSE (In Complaint) | | | | | |

Show last names and suffix numbers of other defendants on same indictment/information:

RULE  20 21 40 In Out

**IV. NAMES & ADDRESSES OF ATTORNEYS, SURETIES, ETC.**

ATTORNEYS
U.S. Attorney or Asst.
LESA BRIDGES JACKSON, AUSA
P.O. Box 1229, LRA 72203 9331

Defense: 1 ☐ CJA  2 ☐ Ret.  3 ☐ Waived  4 ☐ Self.  5 ☐ Non/Other.  6 ☐ PD.  7 ☐ CD

RALPH CLOAR
Suite 1700
400 W. Capitol
L.R., AR  72201
501/378-0106

~~3714 St. James Court~~
~~Little Rock, AR  72204~~
Derek Isaac Allmon
Reg No 12579-0076
P. O. Box 33 Unit 6-M
Terra Haute, IN
47808

DETENTION
7/3/91

COUNTS I & II
NMT 20 yrs; $1,000,000 or both
CNT.I guilty, CNT.II dism.
~~COUNTS III & IV~~
~~NMT 10 yrs; Fine or both~~

$50 SPECIAL ASSESSMENT EACH COUNT

P.O.  Joe Klingbiel          GUIDELINES

BAIL • RELEASE
PRE-INDICTMENT
Release Date
☐ Bail Denied          ☐ Fugitive
                       ☐ Pers. Rec.
AMOUNT SET             ☐ PSA
$                      Conditions
Date Set               ☐ 10% Dep.
                       ☐ Surety Bnd
☐ Bail Not Made        ☐ Collateral
Date Bond Made         ☐ 3rd Prty
                       ☐ Other

POST-INDICTMENT
N.Dist. Texas
Release Date
☐ Bail Denied          ☐ Fugitive
3/29/91                X☐ Pers. Rec.
AMOUNT SET             ☐ PSA
25,000                 Conditions
Date Set               ☐ 10% Dep.
                       X☐ Surety Bnd
☐ Bail Not Made        ☐ Collateral
Date Bond Made         ☐ 3rd Prty
                       ☐ Other

APPEALS FEE PAYMENTS

| FINE AND RESTITUTION PAYMENTS | | | Docket Entries Begin On Reverse Side | | |
|---|---|---|---|---|---|
| DATE | RECEIPT NUMBER | C.D. NUMBER | DATE | RECEIPT NUMBER | C.D. NUMBER |
| | | | | | |

**Exhibit A**

| DATE DOCUMENT NO. | Yr. Docket No. Def. LR-CR-91-34(1) | MASTER DOCKET - MULTIPLE DEFENDANT CASE PROCEEDINGS DOCKET FOR SINGLE DEFENDANT DEREK ISAAC ALLMON (Reasoner) PAGE __ of __ | | VI EXCLUDABLE DELAY Start Date / End Date | Ltr Code | Total Days | LETTER CODES |
|---|---|---|---|---|---|---|---|
| 8/9/90 | 1 | APPLICATION and SEARCH Warrant. 90-082F-1 | cn | | | | |
| 8/9/90 | 2 | APPLICATION and SEARCH Warrant. 90-083F-1 | cn | | | | |
| 8/9/90 | 3 | APPLICATION and SEARCH Warrant. 90-084F-1 | cn | | | | |
| 8/10/90 | 4 | RETURN of S.W. 90-082F-1. | cn | | | | |
| 8/10/90 | 5 | RETURN of S.W. 90-084F-1. | cn | | | | |
| 8/10/90 | 6 | RETURN of S.W. 90-083F-1. | cn | | | | |
| 8/10/90 | 7 | RETURN of S.W. 90-083F-1. | cn | | | | |
| 2/20/91 | 8 | MOTION and ORDER (Jones) to seal indictment until deft. is in custody or release pending trial. | cn | | | | |
| 2/20/91 | 9 | INDICTMENT. | cn | | | | |
| 2/20/91 | 10 | CASE Summary; warrrant iss. | cn | | | | |
| 2/28/91 | | RECEIVED the following papers from Northern Dist. of Texas: | | | | | |
| | 11 | CLERK's minutes of Rule 40 proceedings. | cn | | | | |
| | 12 | WAIVER of removal hearing. | cn | | | | |
| | 13 | ORDER (Jackson) setting conditions of release. | cn | | | | |
| 3/4/91 | | RECEIVED the following papers from Northern District of Texas: | | | | | |
| | 14 | Appearance Bond.($25,000 corp. surety) | cn | | | | |
| | 15 | Order (Jackson) setting conditions of release. | cn | | | | |
| | 16 | Motion for bail by deft. | cn | | | | |
| | 17 | Fax Copy of Warrant & Indictment. | cn | | | | |
| 3/8/91 | 18 | NOTICE of P&A before Magist. Jones Tues., March 12,1991 at 11:00.-mailed. | cn | | | | |
| 3/11/91 | 19 | RETURN on warrant; exec. 2/25/91 | rc | | | | |
| 3/12/91 | 20 | PETITION to revoke bond and order detention by U.S (Ref. 4-12-91 ) | cn | | | | |
| 3/12/91 | 21 | APPEARED w/atty before Magist. Jones; entered plea of n.g.; jury demand; bail set at $25,000 corp. surety in N.D. TX; U.S. requests detention, detention hrg. 3/21/91 at 10:00 a.m.; trial set April 29, 1991 at 9:30 a.m. (3 days); p.t. motions to be filed w/i 10 days. | cn | | | | |
| 3/12/91 | 22 | NOTICE of jury trial Monday, April 29, 1991 at 9:30 a.m. | cn | | | | |
| 3/12/91 | 23 | NOTICE of detention hearing Thursday, March 21, 1991 at 10:00 a.m. | cn | | | | |
| 3/13/91 | 24 | CLERK'S minutes of detention hearing before Judge Jones. | cn | | | | |
| 3/13/91 | 25 | ORDER (Jones) that deft. shall maintain residence at the St. Francis House until completion of drug rehab. then Court will be informed and deft. will be released on bond. (EOD 3/14/91, cc:counsel) | cn | | | | |
| 3/19/91 | 26 | ORDER (SMR) rescheduling trial of defts Vault & Nelson with deft Allmon on 4/29/91; the delay occasioned by this rescheduling shall be excludable under the provisions of the Speedy Trial Act, 18 USC 3161 (h)(7) EOD 3/20/91 CC: counsel | dmj | 3/29 | j | | |
| 3/29/91 | 27 | MOTION for discovery by deft. (Ref. 5-22-91 ) | cn | 5/23 | E | 56 | |
| 3/29/91 | 28 | SUPPLEMENTARY Discovery motion by deft. (Ref. 5-22-91 ) | cn | | | | |
| 3/29/91 | 29 | MOTION to suppress by deft. (Ref. 5-22-91 ) | cn | | | | |
| 3/29/91 | 30 | CLERK'S minutes of conference on bond before Magist. Jones. | cn | | | | |
| 3/29/91 | 31 | ORDER (Jones) setting conditions of release. OR. | cn | | | | |
| 4/2/91 | 32 | PETITION of U.S. to revoke bond & Order detention.(Ref.4/2/91 ) | rc | | | | |
| 4/2/91 | -- | WARRANT issued at the direction of Magist. Jones (oral) | rc | | | | |

CONTINUED TO PAGE __
cont. on next page

UNITED STATES DISTRICT COURT
CRIMINAL DOCKET   U. S. vs

DEREK ISAAC ALLMON   (Reasoner)   LR-CR-91-34(1)

AO 256A

| DATE | PROCEEDINGS (continued) (Document No.) | V. EXCLUDABLE DELAY (a) | (b) | (c) | (d) |
|---|---|---|---|---|---|
| 4/3/91 | (33) RETURN of warrant exec. 4/3/91. cn | | | | |
| 4/4/91 | (34) CLERK'S minutes of hearing on bond revocation. cn | | | | |
| 4/4/91 | (35) ORDER (Jones) that Court will not rule on motion until additional evidence is presented to the Court; during the interim, deft. will remain in custody. (EOD 4/4/91, cc:counsel) cn | | | | |
| 4/5/91 | (36) MOTION for continuance by deft. (Ref 4/23/91) dmj | 4/5 | | T | |
| 4/11/91 | (37) CLERK'S minutes; hearing rescheduled for Fri. 4/12/91. rc | | | | |
| 4/12/91 | (38) CLERK'S minutes of supplemental hearing on Govt's motion to revoke release; deft. released on previous P/R bond. rc | | 6/3 | | 11 |
| 4/23/91 | (39) MOTION for continuance by deft. (Ref. 4/23/91) cn | | | | |
| 4/23/91 | (40) ORDER (Reasoner) granting motion for continuance; trial rescheduled for June 3, 1991 at 9:30 a.m.; hearing on deft's motion to suppress is now scheduled April 29, 1991 at 9:30 a.m.; co-defts are also rescheduled for June 3, 1991; delay occasioned by this continuance is excludable under 18: 3151(h)(7) and (h)(8)(A).(EOD 4/24/91, cc:counsel) cn | | | | |
| 4/25/91 | (41) ORDER (Reasoner) continuing hearing on motion to suppress to May 17, 1991 at 1:30 p.m. (EOD 4/26/91, cc:counsel) cn | | | | |
| 4/29/91 | (42) RESPONSE to defendant Allmon's motion to suppress by U.S. cn | | | | |
| 5/13/91 | (43) MOTION to sever by deft. (Ref. ____) cn | 5/13 | | E | |
| 5/13/91 | (44) MOTION to compel discovery by deft. (Ref. 5/22/91) cn | | | | |
| 5/13/91 | (45) MOTION to sever offenses by deft. (Ref. 6-4-91) cn | | | | |
| 5/17/91 | (46) CLERK'S minutes of hearing on motions to suppress and other motions. rc | | | | |
| 5/20/91 | (47) PETITION for WHCAT; issued. rc | | | | |
| 5/21/91 | (48) RESPONSE of U.S. to motion for severance of defts. rc | | | | |
| 5/21/91 | (49) RESPONSE of U.S. to motion for discovery. rc | | | | |
| 5/21/91 | (50) MOTION of U.S. for continuance. (Ref. 6-18-91) rc | | | | |
| 5/22/91 | (51) ORDER (SMR) denying deft's motion to suppress; granting deft's motion for discovery. cc to counsel EOD 5/23/91 rc | | | | |
| 5/29/91 | (52) RESPONSE of deft. to motion for continuance. rc | | | | |
| 5/28/91 | (53) PETITION of U.S. for material witness warrant. (Ref. 6-13-91) rc | | | | |
| 6/3/91 | (54) MOTION in limine by deft. (Ref. ____) cn | | | | |
| 6/3/91 | (55) PETITION for WHCAT; writ iss. cn | | | | |
| 6/4/91 | (56) CLERK'S Minutes of jury trial; trial begun at 9:50 a.m. and verdict of guilty on Ct. I & not guilty on Ct. II. (Felon in poss. Cts. III & IV). rc | | | | |
| 6/4/91 | (57) VERDICT of guilty on Ct. I & not guilty on Ct. II. rc | | | | |
| 6/6/91 | (58) RETURN on WHCAP; exec. 6/4/91 rc | | | | |
| 6/13/91 | (59) ORDER (Reasoner) directing Clerk to issue a material witness warrant for Ronnie Thompson. (EOD 6/13/91, cc:counsel) warrant issued. cn | | | | |

NEXT SIDE

Interval (per Section II) | Start Date End Date | Ltr. Code | Total Days

| UNITED STATES DISTRICT COURT | | | | | |
|---|---|---|---|---|---|
| CRIMINAL DOCKET   DEREK ISAAC ALLMON   Reasoner   LR-CR-91-34(1) | | | | | |
| AO 256A | | | | | |
| DATE | PROCEEDINGS (continued) -(Document No.) | V. EXCLUDABLE DELAY (a) | (b) | (c) | (d) |
| 6/18/91 | (60) ORDER (Reasoner) rescheduling trial at 9:30 a.m. on July 23, 1991; delay occasioned by this continuance is excludable under 18:3161 (h)(3)(A). (EOD 6/19/91, cc:counsel)   cn | | | | |
| 7/2/91 | (61) ORDER (Reasoner) scheduling hearing on Wednesday July 3, 1991 at 1:30 p.m. to review deft's current conditions of release pending sentencing. (EOD 7/3/91, cc:counsel)   cn | | | | |
| 7/2/91 | (62) PETITION and ORDER (Forster) for WHCAT (Adams); writ issued. | | | | |
| 7/2/91 | (63) PETITION and ORDER (Forster) for WHCAT (Yolanda Nelson); writ issued. | | | | |
| 7/2/91 | (64) PETITION and ORDER (Forster) for WHCAT (Floyd Bryant); writ issued.   cn | | | | |
| 7/3/91 | (65) CLERK'S minutes of hearing on detention before Judge Reasoner.   cn | | | | |
| 7/3/91 | (66) ORDER (Reasoner) remanding deft. to the custody of the Marshal pending sentencing. (EOD 7/8/91, cc:counsel)   cn | | | | |
| 7/10/91 | (67) MOTION for continuance by deft. (Ref.7/18/91 )   cn | | | | |
| 7/9/91 | (68) RETURN on WHCAT; exec. 7/3/91   rc | | | | |
| 7/9/91 | (69) RETURN on WHCAT; exec. 7/3/91   rc | | | | |
| 7/16/91 | (70) TRANSCRIPT of supplemental hearing on motion of the Gov't to revoke release before Magist/Judge Jones.   rc | | | | |
| 7/16/91 | (71) SUPERCEDING INDICTMENT.   cn | | | | |
| 7/16/91 | (72) CASE Summary; certified copy to Marshal.   cn | | | | |
| 7/18/91 | (73) LETTER to counsel re:waiver of formal P&A.   cn | | | | |
| 7/18/91 | (74) MOTION to recuse by deft. (Ref.7/26/91 )   cn | | | | |
| 7/18/91 | (75) MOTION for discovery by deft. (Ref._____)   cn | | | | |
| 7/18/91 | (76) SUPPLEMENTAL discovery motion by deft. (Ref._____)   cn | | | | |
| 7/18/91 | (77) NOTICE of sentencing Aug. 16, 1991 at 1:30 p.m.-mailed.   cn | | | | |
| 7/18/91 | (78) ORDER (Reasoner) granting continuance; trial rescheduled for Monday, August 26, 1991 at 1:30; delay occasioned by this continuance is excludable under 18:3161(h)(6). (EOD 7/19/91, cc:counsel)   cn | | | | |
| 7/22/91 | (79) TRANSCRIPT of hearing on motion to revoke release before Judge Jones on 3/13/91.   cn | | | | |
| 7/23/91 | (80) RETURN of WHCAT exec. 7/10/91.   cn | | | | |
| 7/23/91 | (81) APPEARED w/counsel before Judge Jones; entered a plea of n/g to superseding indictment; jury demand; detained by Judge Reasoner 7/3/91; trial scheduled for Aug. 26, 1991 at 9:30 a.m..   cn | | | | |
| 7/26/91 | (82) ORDER (Reasoner) denying motion to recuse. (EOD 7/26/91, cc:counsel)   cn | | | | |
| 8/5/91 | (83) PETITION for WHCAT (Floyd Bryant); writ issued.   rc | | | | |
| 8/5/91 | (84) PETITION for WHCAT (Yolanda Nelson); writ issued.   rc | | | | |
| 8/5/91 | (85) PETITION for WHCAT (John Adams); writ issued.   rc | | | | |
| 8/13/91 | (86) RESPONSE of U.S. to supplemental discovery motion.   rc | | | | |
| 8/12/91 | (87) RESPONSE of U.S. to motion for discovery.   rc | | | | |
| 8/16/91 | (88) CLERK'S minutes of sentencing 8/16/91.   cn | | | | |

Interval (per Section II)   Start Date End Date   Ltr. Code   Total Days

| | | REASONER) |
|---|---|---|
| UNITED STATES DISTRICT COURT CRIMINAL DOCKET   U.S vs Derek Isaac Allmon | | LR-CR-91-34(1) |
| | | Yr. \| Docket No. \|Def. |

| DATE | PROCEEDINGS (continued) —(Document No.) | V. EXCLUDABLE DELAY (a) \| (b) \| (c) \| (d) |
|---|---|---|
| 8/21/91 | (89) NOTICE OF APPEAL by deft from oral judgment issued 8/16/91, f/f paid,(2 certified copies forwarded to the 8th Cir USCA  8/23/91)                                mf | |
| 8/22/91 | (90) JUDGMENT(SMR) on Ct. III - 22 mos. impr. and 3 yrs. Supervised release and $50.00 Sp. Assessment. Deft. was found not guilty on Ct. IV (designated Ct.II on verdict form). cc to counsel EOD 8/22/91        rc  Deft to pay a $20,000.00 fine on Ct. III; $5,000.00 due immediately w/$15,000.00 due during supervised release                                           rc | |
| 8/26/91 | (91) JUDGMENT (8USCA) deft-appellant's motion for release bail bond pending appeal is Denied.         dc | |
| 8/27/91 | (92) MINUTES-CHG. OF PLEA-APPEARED WITH COUNSEL: entered plea of guilty to Count I; Count II dismissed on motion of U.S.; Sentencing postponed until PSR is ready; deft remanded to custody of U.S. Marshal                        mf | |
| 8/28/91 | (-) APPEAL DOCKETING LETTER 8USCA #91-2927EALR; transcript due 9/10/91; record due 9/11/91. | |
| 8/30/91 | (93) RETURN OF WHCAT (John Adams) unexecuted       mf | |
| 8/30/91 | (94) RETURN OF WHCAT ( YOLANDA NELSON)unexecuted  mf | |
| 8/30/91 | (95) RETURN OF WHCAT (FLOYD "LULU" BRYANT)unec.    mf | |
| 9/11/91 | (96) MOTION of U.S. To Dismiss Material Witness Warrant. (Ref. 9-16-91   )                              dc | |
| 9/13/91 | (97) ORDER (SMR) motion to dismiss the Warrant for Material Witness Ronnie Thompson is granted. (EOD 9/17/91) cc. counsel.                                   dc | |
| 9/16/91 | (98) TRANSCRIPT ( 1 vol.) of 5/17/91 Hearing On Motions To Suppress.                                    dc | |
| 9/16/91 | (99) TRANSCRIPT ( 1 vol.) of 6/4/91 jury trial.    dc | |
| 9/16/91 | (100) TRANSCRIPT ( 1 vol.) of 7/3/91 supplemental detention hearing                                     dc | |
| 9/16/91 | (101) TRANSCRIPT ( 1 vol.) of 8/16/91 sentencing.  dc | |
| 9/18/91 | (102) RETURN ON WARRANT on Ronnie Thompson, dismissed per 9/12/91 Order.                                dc | |
| 9/18/91 | (103) APPELLANT'S DESGINATION of Record.           dc | |
| 9/25/91 | (104) **DOCKET NOTE:**  Clerk's Record; 6 vols. transcript forwarded to 8th Cir.                     dc | |
| 10/7/91 | (105) MANDATE (8USCA) #91-2763- appellant's motion for release on bail pending sentencing is denied. dc | |

AO 256A                                                                Interval    Start Date:    Ltr. Total
                                                                   (per Section II)   End Date    Code Days

**UNITED STATES DISTRICT COURT**
**CRIMINAL DOCKET** — Derek Isaac Allmon

(Reasoner)
LR-CR-91-34(1)

| DATE | PROCEEDINGS (continued) (Document No.) | V. EXCLUDABLE DELAY (a) | (b) | (c) | (d) |
|---|---|---|---|---|---|
| 10/24/91 | 106 NOTICE OF SENTENCING before Judge Reasoner, Thurs. 11/14/91 @ 1:30 P.M. cc. parties  dc | | | | |
| 11/14/91 | 107 JUDGMENT (SMR) on 11/14/91 Count I of superseding indictment; 100 mos. impr. to run concurrently with 22 mos. imposed 8/16/91; $25,000 fine and 3 yrs S.R. to run concurrently w/term imposed 8/16/91; Special Assessment $50.00; Count II is dismissed on Government's Motion. (EOD 11/14/91) cc. counsel.  dc | | | | |
| 11/14/91 | 108 CLERK'S minutes of sentencing.  rc | | | | |
| 3/13/92 | 109 MOTION of deft to preserve all rights under Rule 35(b) in the alternative motion for an extension of time. (Ref._____)  dc | | | | |
| 4/1/92 | 110 MEMORANDUM IN SUPPORT Of Motion For Factual Findings Pursuant To Rule 32(c)(3)(D), And Sentence As Mandated, Or In Alternative Jurisdiction Is Invoked Pursuant To Rule 35(b)  dc | | | | |
| 5/18/92 | 111 ORDER (SMR) U.S.A. is directed to file a response to the pending motions within 20 days.  dc | | | | |
| 5/29/92 | 112 RESPONSE of U.S. To Motion to Preserve All Rights Under Rule 35(B)  dc | | | | |
| 9/4/92 | (113) APPEAL OPINION (8USCA)  ts | | | | |
| 9/4/92 | (114) MANDATE 8USCA affirming the sentence of the district court in accordance with the opinion; transcripts to be returned shortly.  ts | | | | |
| 9/17/92 | DOCKET NOTE: Return of Transcript (6 vols.) and PSI from the 8th Circuit Court of Appeals.  sc | | | | |
| 8/5/93 | (115) MOTION to withdraw by deft (pro se). (Ref 10/25/93)  sc | | | | |
| 10/25/93 | (116) ORDER (SMR) granting motion to withdraw deft's motion to preserve all rights under Rule 35(b) and Memorandum in support. cc to counsel & deft. EOD 10/26/93  rc | | | | |
| 3/31/94 | (117) GOVERNMENT'S motion for destruction of evidence. (Ref. 8/11/94)  cn | | | | |
| 8/11/94 | (118) ORDER (SMR) granting the Govt's motion for destruction of evidence. cc to counsel EOD 8/12/94  rc | | | | |
| 9/15/94 | (119) NOTICE (pro se) of motion to dismiss indictment unauthorized person present at grand jury session. (Ref. 10-8-96)  rc | | | | |
| 9/15/94 | (120) RELATORS Affidavit (pro se) in support of motion for a certificate of probable cause.  rc | | | | |
| 9/15/94 | (121) NOTICE of motion for a certificate of probable cause. (Ref. 10-8-96)  rc | | | | |
| 9/15/94 | (122) AFFIDAVIT IN SUPPORT OF MOTION (pro se) to inspect. G.J. minutes, declare statute unconstitutional, direct the production of certain papers, and direct the serving of bill of particulars.  rc | | | | |
| 9/15/94 | (123) MOTION (pro se) to vacate sentence and for directed verdict of acquittal. (Ref. 10-8-96)  rc | | | | |

AO 256A

Interval (per Section II) | Start Date / End Date | Ltr. Code | Total Days

UNITED STATES DISTRICT COURT
CRIMINAL DOCKET    U.S. vs

DEREK ISAAC ALLMON           (Reasoner)

AO 256A

LR-CR-91-34(1)
Yr.  |  Docket No.  | Def.

| DATE | PROCEEDINGS (continued) (Document No.) | V. EXCLUDABLE DELAY (a) | (b) | (c) | (d) |
|---|---|---|---|---|---|
| 9/15/94 | (124) MOTION (pro se) for judgment of acquittal notwithstanding the verdict, or in the alternative, for new trial (Ref. _10-8-96_ )     rc | | | | |
| 9/15/94 | (125) MOTION (pro se) for jdugment on the pleadings or in the alternative for a pleanary hearing on the merits- habeas corpus proceedings. (Ref._10-8-96_ )   rc | | | | |
| 9/15/94 | (126) MOTION (pro se) to dismiss indictment insufficient allegations. (Ref. _10-8-96_ )     rc | | | | |
| 9/15/94 | (127) MOTION (pro se) to dismiss indictment - insufficient allegations and other grounds. (Ref._10-8-96_ ) rc | | | | |
| 9/15/94 | (128) MOTION (pro se) to dismiss indictment - duplicity and vagueness. (Ref. _10-8-96_ )     rc | | | | |
| 9/28/94 | (129) MOTION (pro se) to require Gov't to disclose the circumstances of all surveillance of deft. (Ref. _10-8-96_ )     rc | | | | |
| 9/28/94 | (130) MOTION (pro se) for disclosure of impeaching evidence. (Ref. _10-8-96_ )    rc | | | | |
| 9/28/94 | (131) AFFIDAVIT in support of motion to suppress pre-trial and courtroom identification.    rc | | | | |
| 9/28/94 | (132) MOTION (pro se) regarding production of witnesses. (Ref. _10-8-96_ )    rc | | | | |
| 9/28/94 | (133) AFFIDAVIT (pro se) in support of motion to compel disclosure of preferential agreements with witnesses    rc | | | | |
| 9/28/94 | (134) MOTION (pro se) for relief from prejudicial joinder and misjoinder and for separate trials federal narcotics, cumulation of evidence. (Ref._10-8-96_) | rc | | | |
| 9/28/94 | (135) MOTION (pro se) to dismiss indictment composition of Grand Jury unconstitutional statutes mulitplicious counts improper form. (Ref._10-8-96_)    rc | | | | |
| 9/28/94 | (136) AFFIDAVIT in support of motion to dismiss indictment. rc | | | | |
| 9/28/94 | (137) MOTION (pro se) for additional and separate peremptory strikes (with authorities) (Ref._10-8-96_ )    rc | | | | |
| 9/28/94 | (138) NOTICE (pro se) of motion for chg. of venue. (Ref._10-8-96_) | rc | | | |
| 9/28/94 | (139) MOTION (pro se) for notice by Gov't of the intention to use evidence arguably subject to suppression. (Ref. _10-8-96_ )    rc | | | | |
| 9/28/94 | (140) MOTION (pro se) for production of relevant statements of persons who are not prospective Gov't witnesses. (Ref._10-8-96_ )    rc | | | | |
| 10/4/94 | (141) COMBINED RESPONSE by gov't to Petitioner's Motions | cw | | | |
| 12/6/94 | (142) MOTION (pro se) to dismiss indictment pursuant to Rules 6 and 12   (Ref._10-8-96_ )    rc | | | | |
| 12/6/94 | (143) MOTION (pro se) to dismiss indictment - duplicity and vagueness (Ref. _10-8-96_ )    rc | | | | |
| 12/6/94 | (144) MOTION (pro se) for stay pending appeal and alternative for writ of mandamus. (Ref._10-8-96_)    rc | | | | |
| 12/27/94 | (145) MOTION to response of Gov. showing to a chilling extraction plea by methods, diabolical to the sad and by incarceration, absent all jurisdiction.    rc | | | | |
| 12/27/94 | (146) MOTION of deft. to dismiss indictment illegally constituted grand jury. (Ref. _10-8-96_ )    rc (OVER) | | | | |

Interval (per Section II) | Start Date / End Date | Ltr. Code | Total Days

UNITED STATES DISTRICT COURT
CRIMINAL DOCKET

AO 256A     U.S.A. VS. DEREK ALLMON     LR-CR-91-34(1)

| DATE | PROCEEDINGS (continued)<br>(Document No.) | V. EXCLUDABLE DELAY |||| 
|---|---|---|---|---|---|
| | | (a) | (b) | (c) | (d) |
| 12/27/94 | (147) MOTION (pro se) for judgment of acquittal notwithstanding the verdict or in the alternative new trial. (Ref  denied 10/8/96 )  rc | | | | |
| 12/27/94 | (148) MOTION of deft. for discovery & inspection of scientific tests, and report-controlled substance. (Ref. denied 10/8/96  )  rc | | | | |
| 10/8/96 | (149) ORDER (SMR) denying discovery motions and motions for judgment of acquittal (doc. nos. 119,121, 123-132, 134-135, 137-140, 142-148)  EOD 10/8/96  cc to counsel & dft.  rc | | | | |
| 9/29/98 | (150) REQUEST for modifying the ocnditions or term of supervision w/consent of the offender. APPROVED by Judge Reasoner | | | | |
| 10/13/98 | (151) APPROVAL (SMR) of request for modifying the conditions or term of supervision w/consent of the offender.  rc | | | | |
| 11/4/98 | (152) TRANSFER of jurisdiction of probationer to the Northern District of Texas. Certified copies of pleadings mailed.  rc | | | | |
| 6/25/99 | (153) ORDER (SR) Deft has requested to return to Little Rock to attend his mother's funeral. This request is granted with the following conditions: deft is directed to call the USPO in Little Rock upon his arrival to Little Rock and to give a phone number where he can be reached. During his stay in Little Rock, the USPO is directed to make several calls to deft's reported place of residence while in Little Rock. Deft is allowed to remain in Little Rock for one week from the day of his arrival. (xc: USPO, AUSA, USM, CRD, File)  lob | | | | |
| 8/30/99 | (154) ORDER (SMR) grating deft's request to be allowed to enter this jurisdiction from 8/31/99 to 9/5/99. Deft. is directed to report as directed to the U.S. Probation Office.  cc to counsel  EOD 8/31/99  rc | | | | |

Interval (per Section II)    Start Date / End Date    Ltr. Code    Total Days